United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHRIS COLLUM, ET AL. | § | |
| | § | |
| v. | § | CASE NO. 4:06cv252 |
| | § | (Judge Schell/Judge Bush) |
| OAK STREET MORTGAGE, LLC, ET AL. | § | |

**ORDER**

Pending before the Court are Defendants' Motions to Strike Collective Action. (Docket No. 13 and 34). Plaintiffs filed Responses In Opposition (Docket No. 16 and 45). The Court, after considering the motions, responses, and the evidence, DENIES Defendants' Motions to Strike.

Background

This case stems from two cases that originated in the Middle District of Florida. On February 2, 2004, loan officers for Oak Street Mortgage, LLC ("Oak Street") filed an action under the Fair Labor Standards Act ("FLSA"), *Epps, et al. v. Oak Street Mortgage LLC,* ("*Epps*"), claiming they were unlawfully denied overpayment compensation.[1] Plaintiffs in the *Epps* case filed a motion for conditional certification and nationwide judicial notice. The court granted conditional certification and notice but limited it to loan officers working at branches where opt-in plaintiffs had joined the case reasoning that these plaintiffs were sufficiently similarly situated for conditional certification. The *Epps* court then bifurcated discovery into collective action discovery and merits discovery.

Thereafter, some of the loan officers who were excluded in *Epps* filed suit in *Vaughn, et al.*

---

[1] *Epps, et al. v. Oak Street Mortage LLC*, 2006 WL 1460273 (M.D. Fla. 2006).

1

*v. Oak Street Mortgage, LLC* ("*Vaughn*"), making the same allegations as the *Epps* plaintiffs.[2] The Florida court then stayed *Vaughn* pending a decision in *Epps* on the defendant's motion for *decertification*. On May 22, 2006, the *Epps* court ordered decertification and dismissal without prejudice of the claims of loan officers who worked while being classified as non-exempt ("off-the-clock").[3] Exempt workers continued as certified. The distinction was made because the court reasoned the claims of those classified as non-exempt required individual inquiry.[4] In light of *Epps*, the *Vaughn* court determined that none of the plaintiffs or opt-in plaintiffs were similarly situated and conditional certification was inappropriate. Accordingly, the opt-in plaintiffs in *Vaughn* were dismissed without prejudice.[5]

Following the rulings in *Epps* and *Vaughn*, the plaintiffs dismissed from those cases re-filed their claims in twenty-one separate lawsuits, seventeen of which seek collective action solely with regard to loan officers who worked at the same branch as the named plaintiff(s).

On June 16, 2006, twelve named Plaintiffs, eleven of which were 'opt-in' plaintiffs in *Vaughn*, filed this collective action under the FLSA to recover unpaid overtime compensation ("off-the-clock" claims) allegedly owed to them and "all similarly situated persons employed as loan officers at the Plano, Texas branch."

---

[2] *Vaughn, et al. v. Oak Street Mortgage LLC*, No. 5:05-cv-311-Oc-WTH-GRJ (M.D. Fla. 2006).

[3] *Epps,* (Docket No. 141; Pl.'s Resp. Ex. B).

[4] *Epps,* (Docket No. 135, p. 16-19; Pl.'s Resp. Ex. A).

[5] *Vaughn*, (Docket No. 95; Pl.'s Resp. Ex. E).

Discussion

Defendants first argue the Court should strike the designation of "collective action" from the Amended Complaint,[6] including all references to Oak Street employees as "similarly situated," because such description is immaterial, impertinent, and redundant pursuant to FED. R. CIV. P. 12(f). In response, Plaintiffs argue Rule 12(f) is inapplicable because there are disputed questions of fact and law related to the "collective action" language and the motion does not establish Defendants will suffer any prejudicial harm.

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(b). A motion to strike a party's pleading is disfavored and should be granted on a very limited basis, unless it is shown "that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense *and* that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Global Adr, Inc. v. City of Hammond* 2003 WL 21146696, *1 (E.D.La.), *citing FDIC v. Niblo,* 821 F.Supp. 441, 449 (N.D. Tex. 1993); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2006).

The request for collective action is specifically authorized by Section 216(b) of the FLSA. Evidenced by the background of this case, the issue of whether this case may proceed as a collective action is not one that clearly has no possible relationship to the controversy. While in *Epps* the court found that "off-the-clock" claims were not sufficiently similar to proceed as a collective action, there

---

[6]Two motions to strike are pending before the Court because Defendants re-urged their original Motion to Strike after Plaintiff's amended their Complaint adding additional defendants.

is insufficient evidence before the Court at this time to make the same determination in this case. Therefore, because the Court has not been presented with a motion for conditional certification, the Court will not answer that question under the guise of a motion to strike.

Defendants also argue that Plaintiffs are collaterally estopped from litigating the appropriateness of collective action certification again because the issue has twice been litigated before the Florida court. Plaintiffs contend they are not seeking to litigate the issue of nationwide class certification but rather a collective action as to those in the Plano, Texas branch.

Collateral estoppel precludes the re-litigation of identical issues of fact or law that were litigated in a prior suit. *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). In *Epps* and *Vaughn*, nationwide certification was at issue. In this case, loan officers from Oak Street's Plano, Texas branch office bring this action on "behalf of themselves and other similarly situated employees," defined as "individuals who were, or are, employed by Oak Street as loan officers, selling loans at its Plano, Texas branch location." (Pl's Am. Compl., ¶ 10, 11). The language is clear. Plaintiffs are not attempting to re-litigate the issue of whether the Court should certify a nationwide class of Oak Street officers, but rather they seek collective action on behalf of those in Plano, Texas. Therefore, the Court finds the doctrine of collateral estoppel is inapplicable.

Based on the foregoing, Defendants Motions to Strike are DENIED. The Court ORDERS Defendants to answer within 20 days of this date.

IT IS SO ORDERED.

    **SIGNED this 14th day of February, 2007.**

4

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE